IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-02143-PAB-MJW

GOL TV, INC., a Florida corporation.
**Plaintiff,**

v.

ECHOSTAR SATELLITE CORPORATION, a Colorado corporation, and
ECHOSTAR SATELLITE, L.L.C., now known as Dish Network, L.L.C., a Colorado limited liability company,
**Defendants.**

---

**STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER** (Docket No 44)

---

Each Party and each Counsel of Record stipulate and move the Court for a Supplemental Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Attorney's-Eyes-Only Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. The Court previously entered as an order the Parties' proposed Stipulation and Protective Order [Doc. # 27, entered Dec. 17, 2008.]

2. This Supplemental Protective Order adds to, and does not otherwise alter, the obligations of the prior Stipulation and Protective Order.

3. The Parties acknowledge that certainly highly sensitive contract documents reflecting contractual relationships with third parties – concerning television programming distribution rights – have been sought in discovery, and that the disclosure of such documents

{OC218336;v1}

between the Parties themselves, as opposed to between their outside counsel, could result in competitive harm to the disclosing Party. The Parties have therefore entered into this Stipulation and request the Court enter the within Supplemental Protective Order for the purpose of preventing the disclosure and use of Attorney's-Eyes-Only Information except as set forth herein.

4. As used in this Supplemental Protective Order, "Attorney's-Eyes-Only Information" means "Confidential Information," as that term is used in the prior Stipulated Protective Order, which in addition to its status as "Confidential Information" also contains confidential contractual terms, and the identity of the contracting parties, in any television programming distribution agreement between either the plaintiff or the defendants on the one hand and another party who is not involved in this litigation on the other hand, that is subject to a confidentiality obligation in the terms of the agreement, and the disclosure of which would impose competitive harm on one or another of the Parties.

5. Where Attorney's-Eyes-Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or in a deposition, it will be designated in the following manner:

    a. By imprinting the words "Confidential" and "Attorney's Eyes Only" on the first page or cover of any document produced;

    b. By imprinting the words "Confidential" and "Attorney's Eyes Only" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" and

Case 1:08-cv-02143-PAB-MJW   Document 44   Filed 06/04/2009   Page 3 of 6

"Attorney's Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

6. All Attorney's-Eyes-Only Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to all of the restrictions set out in the prior Stipulated Protective Order with respect to "Confidential Information," and it will additionally be subject to the following addition restrictions:

    a. It may only be received by an outside attorney for the receiving Party.

    b. It may not be communicated or disclosed by a receiving Party's outside counsel to anyone who works in-house for the receiving Party, including that outside attorney's in-house client representatives.

    c. It may only be disclosed to persons within the employ of the receiving Party's outside counsel on a need-to-know basis, all of whom will be subject to the requirements of this Supplemental Protective Order, as well as the prior Stipulated Protective Order. (Any attorney for outside counsel for the receiving Party who receives possession of Attorney's-Eyes-Only materials will maintain such documents under lock and key in his or her personal office space.)

7. A receiving Party's outside counsel may use Attorney's-Eyes-Only information to pursue formal or informal discovery from the contracting parties reflected in the Attorney's-Eyes-Only material, but the receiving Party's outside counsel may not disclose information learned about one third-party contracting entity to another unrelated contracting entity.

8. If opposing counsel objects to the designation of information or materials as Attorney's-Eyes-Only Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within fourteen (14) days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Attorney's-Eyes-Only Information status from the time it is produced until the ruling by the Court on the motion.

9. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 4th day of June, 2009.

BY THE COURT:

/s/ Michael J. Watanabe
THE HON. MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND AGREED BY:**

Plaintiff Gol TV, Inc

By: *s/ Christopher P. Beall*
Christopher P. Beall
Adam M. Platt
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1888 Sherman Street, Suite 370
Denver, Colorado 80203
(303) 376-2400
Fax – (303) 376-2401
Email – cbeall@lskslaw.com
aplatt@lskslaw.com

Defendants EchoStar Satellite Corp. and Dish Network LLC

By: *s/ Stewart McNab*
Stewart McNab
CARVER SCHWARZ McNAB & BAILEY, LLC
1600 Stout Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-1815
E-Mail: smcnab@cksmb.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this ___4th___ day of June, 2009, I electronically filed the foregoing **STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER** with the Clerk of the Court using the ECF/CM electronic filing system, which will send an electronic copy of this filing to the following counsel of record:

    Stewart McNab
    CARVER SCHWARZ McNAB & BAILEY, LLC
    1600 Stout Street, Suite 1700
    Denver, Colorado 80202
    Telephone: (303) 893-1815
    E-Mail: smcnab@cksmb.com

*Attorneys for Defendants*

                                              ___s/ Christopher P. Beall___