IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02143-PAB-MJW

GOL TV, INC.,
a Florida corporation,

    Plaintiff,

v.

ECHOSTAR SATELLITE CORPORATION,
a Colorado corporation, and
ECHOSTAR SATELLITE, L.L.C.,
a Colorado limited liability company, n/k/a Dish Network, L.L.C.,

    Defendants.

## ORDER ON DAMAGES AND FOR ENTRY OF JUDGMENT

This contract case comes before the Court for a determination of damages following the Court's order [Docket No. 89] on the parties' cross motions for summary judgment [Docket Nos. 53, 55]. The Court's subject-matter jurisdiction is proper under 28 U.S.C. §1332(a) due to complete diversity of the parties, see Docket Nos. 68, 69, and an amount in controversy exceeding $75,000, see Compl. & Jury Demand [Docket No. 1] ¶¶ 4, 24.

On March 29, 2010, the Court issued an order construing the payment provisions of a contract between the parties. That order describes in detail the specifics of the contract. Based on the Court's order, the parties agreed that defendants Echostar Satellite Corporation and Echostar Satellite, L.L.C. (collectively "Echostar") were liable to plaintiff Gol TV, Inc. for delinquent payments. The parties agree that the amount of

principal due to Gol TV is $81,318.43.  The parties also agree that Gol TV is entitled to interest payments under the contract, but they disagree on the amount.  After unsuccessful attempts at resolving the matter, the parties submitted the question for a ruling by the Court.

The disagreement stems from conflicting interpretations of the provision of the contract providing for interest on late payments to Gol TV, referred to as the "Network" in the contract.  The provision in question, paragraph 5.1 of the contract, states:

> 5.1  <u>Rates and Payments</u>.  On or before the 45th day following the last day of each reporting month during the Term, EchoStar will pay to Network, at the address specified by Network, a license fee equal to the sum of the following 5.1.1 through 5.1.3.  In the event that payments are not received by Network within forty-five (45) days after the end of the month for which payment is due, then Network may, in addition to any other rights or remedies that it may have, charge interest at a rate equal to the lesser of one percent (1%) per month or the maximum legal rate permitted under Colorado law whichever is lower.

Pl.'s Submission Regarding Calculation of Damages [Docket No. 94] at 2.  While the parties appear to agree about the method of calculating interest, they disagree about the date interest began to accrue.

Gol TV contends that interest began to accrue following the forty-fifth payment was due irrespective of when a demand for such interest was made.  Defendant Echostar, on the other hand, argues that the permissive language of the interest provision – "Network *may*, in addition to any other rights or remedies that it may have, charge interest . . ." – means that interest does not accrue until Gol TV made a demand for it.  Echostar contends that, in this case, interest began to accrue on September 26, 2008.  In a demand letter, Gol TV explained that if Echostar did not provide the

2

contested payments by September 26, 2008, Gol TV would invoke the interest provision. According to Echostar, that in the letter Gol TV stated that:

> In the event we do not receive the written assurance from you on or before close of business this Friday, September 26, Gol TV will, pursuant to provision 5.1 of the aforementioned agreement, add to the aforementioned sums owing an additional sum equal to 1% of each such figure stated, for each month the payment remains due.

Defs.' Br. Regarding Damages [Docket No. 93] at 5.

Echostar's position is unpersuasive. Nothing in the contract requires a formal demand of interest and, more importantly, nothing in the contract bases the calculation of interest on such a demand. Furthermore, Gol TV's demand letter, upon which Echostar's argument rests, does not specifically indicate that Gol TV will charge interest only on amounts due as of September 26, 2008. Therefore, the Court agrees with Gol TV's interpretation of paragraph 5.1 of the contract, specifically, that interest began to accrue once the forty-five days described in paragraph 5.1 ran.

Consequently, the Court adopts Gol TV's calculations of interest as they appear in the table below from Gol TV's brief on damages:

| Reporting period | | Due date | Payment date | Amount | Days late | Interest due |
|---|---|---|---|---|---|---|
| 3/22/2008 | 4/21/2008 | 6/5/2008 | 11/17/2008 | $246,856.60 | 165 | $13,391.13 |
| 4/22/2008 | 5/21/2008 | 7/5/2008 | 11/17/2008 | $245,877.48 | 135 | $10,912.92 |
| 5/22/2008 | 6/21/2008 | 8/5/2008 | 11/17/2008 | $244,126.61 | 104 | $8,347.12 |
| 6/22/2008 | 7/21/2008 | 9/4/2008 | 11/17/2008 | $241,570.04 | 74 | $5,877.10 |
| 7/22/2008 | 8/21/2008 | 10/5/2008 | 11/17/2008 | $38,724.42 | 43 | $547.45 |
| 7/22/2008 | 8/21/2008 | 10/5/2008 | Not yet paid | $81,318.43 | 565 | $15,105.18 |

**Total: $54,180.89**

Pl.'s Submission Regarding Calculation of Damages at 3. However, interest on the final payment of $81,318.43 must be adjusted for the time period between the date the parties submitted their briefs on damages and the date of this order. This amount shall

3

be calculated based upon an accrual date of October 5, 2010 and under the same formula utilized in calculating the other interest amounts due.

Accordingly, it is

**ORDERED** that plaintiff Gol TV, Inc. is entitled to the following damages on its breach of contract claims against defendants Echostar Satellite Corporation and Echostar Satellite, L.L.C.:

- **$81,318.43** in principal due for unpaid programming fees;
- **$39,075.72** in interest on the past due principal payments which Echostar paid on November 17, 2008 calculated as follows:
    - **$13,391.13** in interest on the $246,856.60 payment, originally due on 6/5/2008;
    - **$10,912.92** in interest on the $245,877.48 payment, originally due on 7/5/2008;
    - **$8,347.12** in interest on the $244,126.61 payment, originally due on 8/5/2008;
    - **$5,877.10** in interest on the $241,570.04 payment, originally due 9/4/2008;
    - **$547.45** in interest on the $38,724.42 payment, originally due 10/5/2008;
- Interest on the remaining unpaid principal balance of $81,318.43 for the time period between when it was originally due (10/5/2008) and the date

of this order. This interest amount shall be calculated under the same formula utilized in calculating the other interest amounts due.

It is further

**ORDERED** that the Clerk of the Court shall forthwith enter judgment in accordance with the Court's March 29, 2010 order and in favor of plaintiff Gol TV, Inc. and against defendants Echostar Satellite Corporation and Echostar Satellite, L.L.C. in the amounts set forth above.

DATED August 23, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge