IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02143-PAB-MJW

GOL TV, INC., a Florida corporation,

    Plaintiff,

v.

ECHOSTAR SATELLITE CORPORATION, a Colorado corporation, and
ECHOSTAR SATELLITE, L.L.C., a Colorado limited liability company, n/k/a Dish
Network, L.L.C.,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's motion for attorney's fees [Docket No. 103]. The motion is fully briefed and ripe for disposition.

**I. BACKGROUND**

Plaintiff filed this breach of contract case on October 3, 2008. *See* Docket No. 1 (Complaint). Plaintiff alleged that defendants breached the parties' Affiliation Agreement by failing to make several license fee payments and brought claims for breach of contract or, in the alternative, quantum meruit. The parties proceeded through discovery and, on July 6, 2009, the parties filed cross motions for summary judgment, plaintiff seeking only partial summary judgment on its claim for breach of contract. *See* Docket Nos. 53, 55. After the magistrate judge entered the Final Pretrial Order and the Court set the case for trial, the Court issued an order denying defendants' motion for summary judgment and granting plaintiff's motion for summary

judgment.  *See* Docket No. 89.  The Court ultimately issued an order on damages and directed entry of judgment on August 23, 2010.  *See* Docket No. 99.  Judgment entered in the case on August 24, 2010.

Plaintiff filed the instant motion for attorney's fees due under the parties' contract on September 13, 2010.  Pursuant to the parties' stipulation, the Clerk taxed costs against defendants in the amount of $1,495.17 on October 13, 2010.

## II.  ANALYSIS

Plaintiff seeks reasonable attorney's fees pursuant to the parties' Affiliation Agreement which provided for "reasonable attorney fees" to the prevailing party "in the event of any suit or action to enforce or interpret this Agreement or any provision thereof."  *See* Docket No. 103-1 at 15, ¶ 13.3.[1]  Defendants do not contest that plaintiff is the prevailing party and thus entitled to fees under the contract, nor do defendants dispute that the "lodestar" method is the appropriate way to calculate the fees owed.  This calculation determines a presumptively reasonable fee by multiplying the number of attorney hours "reasonably expended on the litigation" by a "reasonable hourly rate."  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendants do, however, object to the billing rates sought by plaintiff and the number of attorney hours.  The Court will address each of these objections in turn.

### A.  Hourly Rates

Plaintiff seeks compensation for its counsel at the rate of $535 an hour for the work of Steven D. Zansberg, $505 an hour for Christopher P. Beall, $350 an hour for

---

[1] Plaintiff sought $98,778.79 in fees in its original motion, but corrected this amount to $97,887.50 in its reply.  *See* Docket No. 120 at 1 n.1.

Adam M. Platt, and $225 an hour for Marla D. Kelley. According to Mr. Beall's affidavit, Mr. Zansberg and Mr. Beall are partners at Levine Sullivan Koch & Schulz, L.L.P. in Denver and Mr. Platt is a former associate of that firm.[2] Mr. Beall provided professional backgrounds for each of these attorneys, but not for Ms. Kelley. Mr. Beall states that these billing rates are the "standard rates [his] law firm charges to New York and international media companies such as Gol TV, Inc." and "reflect the experience and expertise of [his] law firm in representing major media companies." See Docket No. 103-2 at 5. Mr. Beall also states that "[t]hese rates are competitive in the legal markets in which [his] firm operates, and were paid by Gol TV, Inc. based on an arms-length engagement agreement with the plaintiff." Id.

Defendants object that these rates are too high for the Denver legal market. Defendants present the affidavit of Steven W. Kelly, a member of the Denver law firm Silver & DeBoskey, P.C., who states that he reviewed the qualifications and background of plaintiff's counsel and the history of the case and opines that the hourly rates sought by plaintiff exceed the prevailing rates charged by similarly experienced attorneys practicing commercial litigation in the Denver area. See Docket No. 113-1. Mr. Kelly opines that the prevailing hourly rates for an attorney with Mr. Beall's experience in the Denver market would range between $225 and $375, between $240 and $385 for an attorney with Mr. Zansberg's experience, and between $175 and $255 for an attorney with Mr. Platt's experience. See Docket No. 113-1 at 4-5. Mr. Kelly also

---

[2] Mr. Beall submitted an affidavit in support of the motion for fees in compliance with D.C.COLO.LCivR 54.3. The affidavit does not state what Ms. Kelley's role at the firm is. However, defendants characterize her as a "legal assistant" and plaintiff does not dispute this characterization. See Docket No. 113 at 3.

opines that the prevailing rate for a legal assistant or paralegal in the Denver area is between $25 and $140 per hour. *See id.* at 5.

In the Tenth Circuit, a reasonable hourly rate for an award of attorney's fees is determined by looking at "what the evidence shows the market commands for . . . analogous litigation." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (quotation and citation omitted). Plaintiff does not offer any evidence that the rates it seeks would routinely be charged by attorneys engaged in commercial litigation in the Denver area. Rather, Mr. Beall asserts that these are both the rates that his firm normally charges "New York and international media companies" and the rates that it actually charged plaintiff here. However, the Tenth Circuit has held that the rates of the local area should be applied unless "the subject of the litigation was so unusual" as to require an out-of-state litigator with special expertise.[3] *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). Plaintiff has not demonstrated that such special expertise was necessary in this relatively straightforward contract dispute, notwithstanding plaintiff's status as a media company or defendants' reputation for aggressive litigation tactics. *See* Docket No. 120 at 3. Although plaintiff posits several litigation scenarios that might have necessitated media expertise, plaintiff does not argue that it made use of this expertise as the

---

[3] Although Levine Sullivan Koch & Schulz, L.L.P. is, in fact, located in Denver, it is analogous to an out-of-state firm as it seeks compensation at national rates.

4

litigation actually played out. *See id.* The fact that plaintiff actually paid these higher rates is relevant to their reasonableness, but it is not dispositive. *See Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987) (prevailing rates at the firm seeking fees are "relevant but not conclusive in determining a reasonable rate"). Here, defendants have submitted evidence that the rates sought by plaintiff are substantially above the local market rate for similar work, and plaintiff has not responded with any evidence demonstrating that they are in fact prevailing market rates. Nonetheless, taking into account the evidence that plaintiff paid an above market rate based on its expectation of potentially complex issues, the Court will reduce the rates requested by plaintiff to the higher end of Mr. Kelly's provided ranges for the Denver market. Thus, the Court will award plaintiff fees for Mr. Beall at $375 an hour, Mr. Zansberg at $385 an hour, Mr. Platt at $255 an hour, and Ms. Kelley at $140 an hour.

### B. Number of Hours

Defendants claim that plaintiff seeks an unreasonable number of attorney hours. First, defendants argue that plaintiff seeks time billed by more expensive partners that could reasonably have been performed by less expensive associates. The Court finds that this objection does not have merit. Although partners did perform the bulk of work on the case, the billing records submitted by plaintiff do not show improperly top-heavy billing or delegation of "routine tasks" as argued by defendants. *See* Docket No. 113 at 5 (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983)). Rather, they demonstrate that plaintiff's counsel delegated simple tasks to an associate or a legal assistant and performed the substantive work efficiently themselves. The Court

5

concludes, based on its review of the billing records submitted by plaintiff, that the ratio of partner hours to associate or legal assistant hours is reasonable.

Finally, defendants argue that two time entries were billed for work related to other cases. *See* Docket No. 113 at 7-8. The Court agrees that these entries include work not related to this litigation and, therefore, are not appropriately awarded to plaintiff here. Accordingly, the Court will reduce the award by .9 hours of Mr. Zansberg's time and 1.6 hours of Mr. Beall's time related to these two entries.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Award of Reasonable Attorney's Fees Pursuant to the Parties' Contract [Docket No. 103] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff shall be awarded $71,537.50 in attorney's fees.

DATED September 13, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge